ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| SALUD PARA TODOS, INC.<br><br>RECURRENTE<br><br>v.<br><br>JUNTA DE REVISORA DE SUBASTAS DE LA ADMINISTRACIÓN DE SERVICIOS GENERALES<br><br>RECURRIDA<br><br><br>BIO NUCLEAR OF PUERTO RICO, INC.<br><br>LICITADOR AGRACIADO | KLRA202500011 | *Revisión Administrativa* procedente la Junta Revisora de Subastas de la Administración de Servicios Generales<br><br>Subasta Formal Núm.: 24J-17537-RI<br><br>Sobre: Adquisición e Instalación de neveras y freezers para el programa de vacunación del Departamento de Salud del Gobierno de Puerto Rico |

Panel integrado por su presidente, el Juez Rodriguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de marzo de 2025.

Compareció la recurrente Salud Para Todos, Inc. (en adelante, "SPT" o "recurrente"), mediante recurso de revisión administrativa presentado el 8 de enero de 2025. Nos solicitó la revocación de la *Resolución* emitida por la Junta de Subastas de la Administración de Servicios Generales (en adelante, "Junta de Subastas"), el 2 de diciembre de 2024 y notificada al día siguiente. En esa *Resolución*, la Junta de Subastas adjudicó la buena pro de la subasta formal núm. 24J-17537-R1 a favor de Bio-Nuclear of Puerto Rico, Inc.

Por los fundamentos que expondremos a continuación, se **desestima** el presente recurso de revisión administrativa por falta de jurisdicción.

**-I-**

El 6 de septiembre de 2024, la Junta de Subastas publicó una invitación y pliego de subasta formal núm. 24J-17537-R1 titulada como *Para la adquisición e instalación de neveras y freezers para el programa de vacunación del Departamento de Salud del Gobierno de Puerto Rico* (en adelante, "Pliego de Subasta").[1] Por virtud de esta, se detalló lo siguiente: (i) las instrucciones generales, (ii) las ofertas admisibles e inadmisibles, (iii) las condiciones generales, (iv) la formalización de contrato, (v) la rescisión del contrato, (vi) las especificaciones, y (vii) las condiciones e instrucciones especiales.

Tras varias enmiendas al Pliego de Subasta, el 24 de octubre de 2024, la Junta de Subasta celebró el Acto de Apertura en el cual recibió seis (6) ofertas presentadas por: Medical Biotronics, Inc., VWR Advanced Instrument LLC, Salud Para Todos Incorporado, Axiscare Health Logistics, Inc., Bio-Nuclear of Puerto Rico, Inc. y Metro Tech Corp.

Evaluadas las ofertas, la Junta de Subastas emitió *Resolución* el 2 de diciembre de 2024 y notificada al día siguiente.[2] Mediante la cual adjudicó la buena pro de la subasta a favor de Bio-Nuclear of Puerto Rico, Inc. Además, hizo constar la siguiente advertencia:

> [U]na parte adversamente afectada por esta determinación podrá dentro del término de **diez (10) días calendario**, contados a partir del depósito en el correo federal o envió por correo electrónico de la notificación de la determinación, presentar una solicitud de revisión ante la Junta Revisora de Subasta de la Administración de Servicios Generales. La presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas será un requisito jurisdiccional ante el Tribunal de Apelaciones.
>
> **La parte adversamente afectada enviará copia de la solicitud de revisión administrativa a la Administración de Servicios Generales y a la Junta de Subastas.** Simultáneamente notificará también al proveedor que obtuvo la *buena pro* en la subasta. Este requisito es de carácter jurisdiccional. Además, deberá notificar a todos los licitadores que participaron en la Subasta. En el propio escrito de revisión, la parte recurrente certificará a la Junta Revisora su cumplimiento con este requisito.[3]

---

[1] Apéndice de la recurrente, anejo I, págs. 17-64.
[2] *Íd.,* anejo I, págs. 6-16.
[3] *Íd.,* anejo I, pág. 14 (Énfasis suplido).

Inconforme con ello, el 12 de diciembre de 2024, SPT presentó una *Solicitud de Revisión* ante la Junta Revisora de Subastas de la Administración de Servicios Generales (en adelante, "Junta Revisora").[4] En esta, certificó haber remitido copia tanto a los cinco (5) licitadores participantes, incluyendo al licitador agraciado, como a la Junta Revisora y a la Junta de Subastas, a las siguientes direcciones de correo electrónico:

Jorge.cuevas@med-bio.com
vazquezjr@med-bio.com
customercarepr@avantorsciences.com
rburgosr@axcare.com
jose.marrero@bionuclear.com
sales@metrotechcorp.com
juntarevisora@asg.pr.gov
RSanchez@asg.pr.gov
eaviles@asg.pr.gov
juntadesubastas@asg.pr.gov

Tras el rechazo de plano por la Junta Revisora al no haber atendido la referida solicitud dentro del término correspondiente, el 8 de enero de 2025, SPT acudió ante este Tribunal mediante el recurso de epígrafe, en el cual señaló el siguiente error:

ERR[Ó] LA JUNTA AL RECHAZAR LA OFERTA DE LA COMPARECIENTE; CUANDO ESTA CUMPLI[Ó] SUSTANCIALMENTE CON LOS T[É]RMINOS Y CONDICIONES DE LA SUBASTA Y FUE LA MEJOR OFERTA RESPONSIVA.

Sobre esto, el 22 de enero de 2025, Bio-Nuclear of Puerto Rico Inc. presentó su *Oposición a Recurso de Revisión de Decisión Administrativa.*

Así las cosas, el 4 de marzo de 2025, la Administración de Servicios Generales del Gobierno de Puerto Rico (en adelante, "ASG") presentó *Moción de Desestimación.* Sostuvo que la *Solicitud de Revisión* presentada por STP ante la Junta Revisora no se perfeccionó conforme a derecho ante el incumplimiento de notificar la misma a la ASG. Señaló, además, que tal notificación es un requisito de carácter jurisdiccional establecido el Artículo 65 de la

---

[4] *Íd.,* anejo I, págs. 1-5.

Ley Núm. 73-2019, según enmendada, conocida como la *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019*, 3 LPRA sec. 9838b (en adelante, "Ley Núm. 73-2019"). A su entender, la falta de notificación tuvo la consecuencia de privar de jurisdicción tanto a la Junta Revisora como a este Tribunal.

En consecuencia, el 10 de marzo de 2025, la recurrente presentó *Moción en Oposición a Desestimación*. Mediante esta, arguyó que la ASG fue notificada sobre la *Solicitud de Revisión* ante la Junta Revisora. Primero, argumentó que envió copia de tal solicitud a dos funcionarios de compras de la ASG, a saber: rsanchez@asg.pr.gov y evailes@asg.pr.gov. Segundo, sostuvo que el deber de notificar a la ASG impuesto por el Artículo 65 de la Ley Núm. 73-2019 aplica únicamente a las subastas realizadas por entidades exentas. Es decir, aplica cuando las subastas no son realizadas por la ASG. En alternativa, planteó que ni la Junta de Subastas ni la Junta Revisora tienen personalidad jurídica independiente a la ASG y, por tanto, una notificación a la Junta de Subastas es una notificación a la ASG.

Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Jurisdicción**

En nuestro ordenamiento jurídico se ha establecido que la jurisdicción "es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *R&B Power Inc., v. Junta de Subasta*, 213 DPR 685, 698 (2024); *FCPR V. ELA et al.*, 211 DPR 521, 529 (2023). En ese sentido, el factor jurisdiccional es el primer factor que debe considerar un tribunal en toda situación jurídica que se presente para su adjudicación. *R&B*

*Power Inc., v. Junta de Subasta,* supra, pág. 698; *FCPR V. ELA et al.,* supra, pág. 530. De manera que los asuntos jurisdiccionales son privilegiados y deben ser atendidos de forma preferente. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020).

Acorde con ello, los tribunales estamos emplazados a ser fieles guardianes de nuestra jurisdiccion y carecemos de discreción para asumirla donde no la hay. *Íd.* Por ende, la falta de jurisdicción tiene los siguientes efectos:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio.*

*Fuentes Bonilla v. ELA,* 200 DPR 364, 372-373 (2018).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83., confiere autoridad al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, cuando carezca de jurisdicción. De esa forma, si al hacer el análisis jurisdiccional, el tribunal concluye que carece de jurisdicción para adjudicar la cuestión ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la controversia. *Ruíz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018).

**B. Ley Núm. 73-2019**

La Ley Núm. 73-2019, según enmendada, conocida como la *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019,* 3 LPRA sec. 9831 *et seq.,* es la legislación responsable de implementar uniformidad en los procesos de adquisición, evaluación y revisión en las compras de bienes, obras y servicios no

profesionales para todas las Entidades Gubernamentales y Entidades Exentas.

Por un lado, la Ley Núm. 73-2019 creó a la Junta de Subastas como un organismo cuasijudicial adscrito a la ASG facultado para evaluar y adjudicar las subastas del Gobierno de Puerto Rico, mediante el procedimiento uniforme dispuesto en la misma ley. 3 LPRA sec. 9836. Su composición consiste en un (1) presidente y cuatro (4) miembros asociados, todos designados por el Gobernador, con el consejo y consentimiento del Senado de Puerto Rico. 3 LPRA sec. 9836a. Además, para el descargo de sus funciones, la ASG le provee el apoyo administrativo necesario. *Íd.*

De otro lado, el precitado estatuto creó, a su vez, a la Junta Revisora de Subastas como aquel organismo cuasijudicial adscrito a la ASG diseñado y facultado para revisar cualquier impugnación de las determinaciones o adjudicaciones realizadas por: (i) la Administración Auxiliar del Área de Adquisiciones, (ii) la Junta de Subastas o (iii) las Juntas de Subastas de las Entidades Exentas. 3 LPRA sec. 9837. En particular, está compuesta por un (1) presidente, (2) dos miembros asociados y un (1) miembro alterno, todos nombrados por el Gobernador, con el consejo y consentimiento del Senado de Puerto Rico. 3 LPRA sec. 9837a. Además, cuenta con autonomía operacional y facultad para actuar de manera independiente a la ASG, aunque para el descargo de sus funciones, puede recibir el apoyo administrativo necesario por parte de ésta. 3 LPRA sec. 9837.

En consideración a lo anterior, la Ley Núm. 73-2019 incorpora un mecanismo para revisar los procedimientos de adjudicación de subastas llevados a cabo ante la Junta de Subastas y la Junta Revisora de Subastas. 3 LPRA sec. 9838. En particular, el Artículo 64 del referido estatuto establece como sigue:

> **La parte adversamente afectada por una decisión** de la Administración [ASG], **de la Junta de Subastas o de cualquier Junta de Subastas de Entidad Exenta podrá, dentro del término de diez (10) días** calendario a partir del depósito en el correo federal o correo electrónico notificando la adjudicación de la subasta, **presentar una solicitud de revisión administrativa ante la Junta Revisora de Subastas** de la Administración de Servicios Generales [...] **La presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas** de la Administración de Servicios Generales **será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones.**

3 LPRA sec. 9838a. (Énfasis suplido).

A su vez, la Ley Núm. 73-2019 implanta que la Junta Revisora de Subastas dispondrá de un término de diez (10) días calendario para determinar si acoge o no la solicitud de revisión administrativa contados desde la fecha de su presentación. 3 LPRA sec. 9838c. No obstante, si dejare de tomar alguna acción con relación a la solicitud de revisión dentro del mencionado término, se entenderá que ha sido rechazada de plano, y a partir de esa fecha comienza a correr el término para la revisión judicial. *Íd.*

Además, el Artículo 65 de la Ley Núm. 73-2019 le impone a la parte adversamente afectada el requisito jurisdiccional de notificar copia de la solicitud de revisión administrativa a los siguientes: (i) ASG, (ii) Junta de Subasta correspondiente y (iii) licitador agraciado. 3 LPRA sec. 9838b. Específicamente, lee como sigue:

> La parte adversamente afectada notificará copia de la solicitud de revisión administrativa a la Administración y a la Junta de Subastas correspondiente; simultáneamente notificará también al proveedor que obtuvo la buena pro en la subasta en cumplimiento con lo establecido en el Artículo 62 de esta Ley. Este requisito es de carácter jurisdiccional. En el propio escrito de revisión, la parte recurrente certificará a la Junta Revisora su cumplimiento con este requisito. *Íd.*

En cuanto a los requisitos de carácter jurisdiccionales, nuestro ordenamiento jurídico a establecido que estos tienen que surgir claramente de la intención del legislador. *Rosario Domínguez et als. v. ELA,* 198 DPR 197, 209 (2017); *Cruz Parrilla v. Depto. Vivienda,* 184 DPR 393, 403-404 (2012). Así que "los requisitos jurisdiccionales establecidos por ley tienen que ejecutarse previo a

que el tribunal considere los méritos de una controversia". *Íd.,* pág. 208. Por lo que, incumplir con las directrices de naturaleza jurisdiccional, priva al tribunal de autoridad sobre el asunto que se intenta traer ante su consideración. *Íd.,* págs. 208-209. En consecuencia, se considera que un término jurisdiccional es fatal, improrrogable e insubsanable, por lo que no se puede acortar ni extender. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). "Para evitar ese escenario, son los tribunales los llamados a ser árbitros y celosos guardianes de los términos reglamentarios". *Soto Pino v. Uno Radio Group,* 189 DPR 84, 93 (2013).

**-III-**

De entrada, como foro revisor, estamos obligados a examinar nuestra jurisdicción para atender el recurso que nos ocupa. Veamos.

Tras la presentación del recurso de epígrafe, la ASG nos solicitó su desestimación, toda vez que la recurrente no le notificó la *Solicitud de Revisión* presentada ante la Junta Revisora. Adujo, además, que la recurrente tenía el deber de notificar tal revisión tanto a la ASG como a la Junta de Subastas como requisito jurisdiccional. Por tanto, sostuvo que la falta de notificación a la ASG privó de jurisdicción a la Junta Revisora y a este Tribunal de Apelaciones. Tiene razón.

Conforme expusimos en el acápite II de esta *Sentencia,* el Artículo 65 de la Ley Núm. 73-2019, *supra,* le impone a la parte adversamente afectada, como lo es la recurrente ante nos, el deber de notificar la *Solicitud de Revisión* a tres (3) partes en particular, a saber: (i) ASG, (ii) Junta de Subasta y (iii) licitador agraciado. Además, *ad verbatim,* establece que lo anterior es un requisito jurisdiccional. Es decir, que el incumplimiento con tal deber priva

de jurisdicción al foro revisor e impide que este pueda atender el reclamo que intenta presentar la parte adversamente afectada.

Ante esto, debemos tener presente que las disposiciones del precitado artículo no resultan ambiguas, por lo que es nuestro deber remitirnos al texto de la ley. En ese sentido, estamos ante una exigencia expuesta en un lenguaje claro e inequívoco, a la cual el legislador imprimió carácter jurisdiccional.

Surge del expediente de epígrafe que, en desacuerdo con la determinación de la Junta de Subastas, la recurrente presentó la *Solicitud de Revisión* ante la Junta Revisora el 12 de diciembre de 2024. En la referida solicitud, certificó que remitió la notificación de ésta por correo electrónico a los cinco (5) licitadores participantes, incluyendo al licitador agraciado, como a la Junta Revisora y a la Junta de Subastas. En cuanto a estas últimas dos, la recurrente remitió la referida notificación a las siguientes direcciones de correo electrónico: (1) juntarevisora@asg.pr.gov; (2) RSanchez@asg.pr.gov; (3) eaviles@asg.pr.gov; y (4) juntadesubastas@asg.pr.gov.

Nótese, pues, que la recurrente remitió la notificación al correo electrónico de la Junta Revisora y al de la Junta de Subastas. En otras palabras, la recurrente notificó a ambos foros cuasijudiciales de manera directa sin utilizar ningún intermediario ni sus funcionarios. No obstante, no surge de la *Solicitud de Revisión* que la recurrente haya notificado a la ASG a su correo electrónico directamente. Ello, a pesar de que el propio expediente revela, un sinnúmero de veces, que la dirección del correo electrónico de la ASG es administracion@asg.pr.gov. Véase, Apéndice de la recurrente, anejo I, págs. 65-74.

En contraposición a lo anterior, la recurrente esbozó tres (3) argumentos ante nos para sostener que notificó a la ASG su *Solicitud de Revisión*. Primero, adujo que notificó a la ASG por virtud del correo electrónico enviado a dos (2) de sus funcionarios, a saber:

RSanchez@asg.pr.gov y eaviles@asg.pr.gov. Segundo, que el requisito jurisdiccional del Artículo 65 de la Ley Núm. 73-2019, *supra,* es aplicable solo a aquellas subastas realizadas por entidades exentas. Tercero, que una notificación a la Junta de Subastas es equivalente a una notificación a la ASG por carecer de personalidad jurídica independiente.

En cuanto al primer y tercer argumento, la Ley Núm. 73-2019 establece que tanto la Junta de Subastas como la Junta Revisora son foros cuasijudiciales que, aunque adscritos a la ASG, tienen una composición estructural y administrativa distinta y separadas entre sí. 3 LPRA secs. 9836-9836a, 9837-9837a. Ante este marco legal, sin duda alguna, determinamos que la Junta de Subastas y la Junta Revisora operan de manera independiente en cuanto a las notificaciones de solicitudes de revisiones administrativas. Esto surge de la letra clara e inequívoca de la ley. Nótese, que el Artículo 65 de la Ley Núm. 73-2019, *supra,* establece el requisito jurisdiccional que sigue: "[l]a parte adversamente afectada notificará copia de la solicitud de revisión administrativa **a la Administración** [ASG] **y a la Junta de Subastas correspondiente** [...]" (énfasis suplido).

Considerando lo anterior, reiteramos que el precitado estatuto requiere específicamente que la ASG sea notificada de cualquier solicitud de revisión administrativa. Tal requisito no puede ser cumplido con una notificación a cualquier correo electrónico de cualquier funcionario o empleado. Más aun, cuando del expediente no surge que los funcionarios con correo electrónico RSanchez@asg.pr.gov y eaviles@asg.pr.gov, sean los encargados designados para recibir notificaciones cuasijudiciales y judiciales en representación de la ASG. Además, vale reiterar que la dirección del correo electrónico de la ASG obra en varios documentos del propio expediente. Véase, Apéndice de la recurrente, anejo I, 65-74.

En cuanto al segundo argumento, en síntesis, la recurrente alegó que las disposiciones del Artículo 65 de la Ley Núm. 73-2019, *supra,* no aplican a las subastas efectuadas por la Junta de Subastas de la ASG, ya que esta última tendría conocimiento previo sobre la *Solicitud de Revisión.* Es decir, adujo que el precitado artículo solo aplica para aquellas subastas efectuadas por entidades exentas debido a que la ASG no tendría conocimiento alguno. Este argumento, igual a los anteriores, nos parece inmeritorio.

Debemos enfatizar que, para una cabal compresión, se requiere hacer un análisis integral del Artículo 64 y 65 del precitado estatuto. En particular, el Artículo 64 detalla que una parte adversamente afectada puede revisar las decisiones emitidas por: (i) la propia ASG, (ii) la Junta de Subastas de la ASG o (iii) la Junta de Subastas de una entidad exenta. 3 LPRA sec. 9838a. De manera que al Artículo 65 requerir que tal revisión sea notificada tanto a la ASG como a "la Junta de Subastas correspondiente", se refiere a se notifique a la Junta de Subasta que aplique. Esto es, ya sea a la Junta de Subasta de la ASG, como en el caso de epígrafe, o la Junta de Subasta de la entidad exenta. En el presente caso, por estar ante un proceso de licitación adjudicado por la Junta de Subastas de la ASG, las disposiciones del Artículo 65 de la Ley Núm. 73-2019, *supra,* le son aplicable a la recurrente.

Por consiguiente, este Tribunal determina que la ASG no fue notificada conforme a derecho. En virtud de lo cual, concluimos que la recurrente incumplió con el requisito jurisdiccional de notificar a la ASG su *Solicitud de Revisión* presentada ante la Junta Revisora, por lo que tal solicitud nunca se perfeccionó. En la medida, en que no se perfeccionó, la Junta Revisora carecía de jurisdicción para atender el reclamo presentado por la recurrente y, por tanto, su solicitud no surte efecto jurídico alguno. Ante este escenario, la recurrente no estaba facultada para presentar el recurso de epígrafe,

toda vez que por disposición expresa de la ley, la *Solicitud de Revisión* ante la Junta Revisora es un requisito jurisdiccional para recurrir al Tribunal de Apelaciones. 3 LPRA sec. 9838a. Concluir lo contrario, conllevaría incumplir tanto nuestro deber de custodiar nuestra jurisdicción como el mandato de no prorrogar ni subsanar las exigencias jurisdiccionales establecidas por ley.

En consideración a lo anterior, este Tribunal de Apelaciones carece de jurisdicción para atender el recurso de epígrafe.

**-IV-**

Por los fundamentos previamente expuestos, se **desestima** el presente recurso de revisión administrativa por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones